**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | LEAD CASE NO. 16-08164 (ESL) |
| ANGEL MANUEL JIMENEZ MARRERO, MARIA MAGDALENA GARCIA VEGA | CHAPTER 13 |
| Debtors | |
| LSREF2 ISLAND HOLDINGS LTD, INC. | |
| Plaintiff | ADV. PROC. NO. 17-00262 (ESL) |
| vs. | |
| ANGEL MANUEL JIMENEZ MARRERO, MARIA MAGDALENA GARCIA VEGA | |
| Defendants | |

OPINION AND ORDER

This case is before the court upon the third *Motion to Dismiss Complaint "Due to Lack of Joining a Required Party Pursuant [to] Rule 19 of the Federal Rules of Civil Procedure and Rule 7019 of the Federal Bankruptcy Rules"* filed by the Defendants, Angel Manuel Jimenez Marrero and Maria Magdalena Garcia Vega. (Docket No. 72). The Defendants allege that the Court cannot accord complete relief among existing parties, because the Chapter 13 Trustee, as administrator of the bankruptcy estate, should have been joined as an indispensable party. In response, the Plaintiff filed its *Opposition to Motion to Dismiss Complaint Due to Lack of Joining a Required Party Pursuant [to] Rule 19 of the Federal Rules of Civil Procedure and Rule 7019 of the Federal Bankruptcy Rules and Request for Sanctions* (Docket No. 84).

Also before the court's consideration is the Plaintiff's *Request for Entry of Judgment by Default* (Docket No. 59) and the *Proposed Default Judgment* (Docket No. 60).

Procedural History

The Defendants file a chapter 13 bankruptcy petition on October 13, 2016. (Lead Case, Docket No. 1). On that same date the Debtors filed a Motion for Continuance of the Automatic Stay Pursuant to 11 U.S.C. §362(c)(3) (Lead Case, Docket No. 5). The continuance for the automatic stay was granted by the court on October 27, 2016. (Lead Case, Docket No. 16). On November 7, 2016, the Debtors filed the schedules and the chapter 13 plan. (Lead Case, Dockets Nos. 20 and 21).

On April 6, 2017, Creditor LSREF2 Island Holdings ("Island Holdings"), LTD Inc. filed a *Motion Requesting Entry of Order Declaring the Automatic Stay Terminated Under 11 U.S.C. §362(c)(1), (j),* in regards to certain real property, lot #4201 in Corozal, P.R.; which previously belonged to the Debtors but which was awarded to Island Holdings through a judicial sale. (Lead Case, Docket No. 39).

During the confirmation hearing held on April 26, 2018, the court granted Island Holdings' request at Docket No. 39, as the property is not property of the estate, and allowed Island Holding to continue prosecution of the pending court action before the Bayamón Superior Court, Case. No. CV2013-2466. Additionally, the plan dated April 21, 2018, was confirmed. (Lead Case, Docket No. 52).

On October 4, 2017, Creditor Island Holdings filed the present Adversary Proceeding. (Docket No. 1). Island Holdings alleges that, pursuant to the judicial sale, it became owner of a concrete structure which the Debtors had constructed over lot 4201 and the adjacent property, which is still property of the Debtors, as disclosed in Amended Schedule A/B, Item 1.2 (Docket No. 42). The Plaintiff argues that, pursuant to the doctrine of reverse accession, it is entitled to the whole structure and the "ground" over which the structure was built in the adjacent property.[1]

On October 20, 2017, the Plaintiff filed an *Application for Temporary Restraining Order and Preliminary Injunction*, alleging that the Defendants began to "build a concrete wall over the "[s]tructure to divide Island Holdings' and the Debtors property" and that any damage would be irreparable as Island Holdings "would not be able to pay for the repairs to place the Structure back to its original state". (Docket No. 9). On October 23, 2017, the court granted the Plaintiff's *Motion*

---

[1] "The ground over which the Structure was built on what is currently the Debtors Property has become property of Island Holdings by virtue of the doctrine of reverse accession ("accesión a la inversa"). Page 5, ¶ 31.

*for TRO* and temporarily restrained the Defendants from constructing and/or continuing to construct any wall and/or erecting any physical division between the Structure, Island Holdings' Property and/or the adjacent Debtors' Property (Docket No. 13). On October 23, 2017, the Plaintiff filed a *Motion to Inform Electronic Service of Temporary Restraining Order to Defendants' Attorney* (Docket No. 14). A *Motion to Extend the Effectiveness of the Temporary Restraining Order Until the Hearing Scheduled to Consider the Preliminary Injunction and Request to Shorten Objection Period* was filed by the Plaintiff on Docket No. 15, which was granted by the court on October 25, 2017 (Docket No. 16). On October 25, 2017, the Island Holding filed a *Motion to Inform Personal Service of Temporary Restraining Order to the Defendants* (Docket No. 17).

On November 6, 2017, the Defendants filed a *Motion to Dismiss Complaint with Prejudice for Lack of Personal Jurisdic[t]ion Pursuant Federal Rule of Civil Procedure 12(b)(2) and Vacate the Temporary Rest[a]ining Order and Preliminary Injunction* (Docket No. 20), alleging that neither the Complaint nor the summons had been served to the Defendants and, therefore, the court had no personal jurisdiction over the Debtors. During the hearing held on November 11, 2017, the Motion to Dismiss filed by the Defendants was denied (Docket No. 25). Furthermore, the court ordered the Plaintiff to serve the Defendants, and granted the Debtors until November 13, 2017, to file their opposition to the *Motion for Temporary Restraining Order*. Additionally, the TRO was extended and the hearing on Preliminary Injunction was rescheduled to November 30, 2017. On November 8, 2017, the Defendants filed the *Urgent Motion for Reconsideration of Order Denying Motion to Dismiss and Order for Temporary Restraining Order and Preliminary Injunction* (Docket No. 24) and Plaintiff filed its *Opposition* thereto (Docket No. 26). On November 13, 2017, The Defendants filed a *Reply* to the Plaintiff's *Opposition* (Docket No. 28). On that same date, the Defendants filed the *Notice of Appeal and Statement of Election* related to the "Order denying the Motion to Dismiss and Order to Appellant to file Opposition to Temporary Restraining Order". (Docket No. 29)[2]. On November 13, 2017, the court entered an *Order*, denying the Defendants' *Urgent Motion for Reconsideration* (Docket No. 31).

The Plaintiff filed a *Motion for Entry of Temporary Restraining Order as Unopposed and to Extend its Effectiveness Until the Hearing for the Preliminary Injunction* on November 13, 2017

---

[2] The United States District Court for the District of Puerto Rico entered a Judgment dismissing the appeal with prejudice on September 11, 2018. (Civil Case No. 17-02291 (JAG), Docket No. 8).

(Docket No. 32), which was granted by the court on November 14, 2017 (Docket No. 35). On November 15, 2017, the Plaintiff filed a *Motion to Inform Service of Temporary Restraining Order to the Defendants and Debtor's Attorney* (Docket No. 36).

On November 29, 2017, the Defendants filed a *Motion to Vacate Restraining Order; To Deny Plaintiff Request for Preliminary Injunction and Complaint for Lack of Subject Matter Jurisdiction Pursuant [to] Federal Rule of Civil Procedure 12(b)(1)* (Docket No. 44). However, during the hearing held on November 30, 2017, the court denied the *Motion to Dismiss* the adversary proceeding for lack of subject matter jurisdiction (Docket No. 45). Additionally, the court granted the request for a preliminary injunction, enjoining the defendants from further construction in the property.

On December 10, 2017, the Plaintiff filed the *Motion for Entry of Default* to the Defendants, as they had failed to answer the complaint (Docket No. 48). The Plaintiff filed a *Proposed Order of Preliminary Injunction* on December 15, 2017 (Docket No. 51). On December 18, 2017, the court entered the *Order of Preliminary Injunction* (Docket No. 51). Furthermore, the Default of Defendants was entered on December 19, 2017 (Docket No. 52).

On January 10, 2018, the Plaintiff filed a *Request of Entry of Judgment by Default* (Docket No. 59). Additionally, the Plaintiff filed a *Proposed Default Judgment* (Docket No. 60).

The Defendants filed, on January 11, 2018, a *Motion Requesting Extension of Time (until January 19, 2018) [to] Answer Complaint and request to Held in Abeyance Motion Requesting Entry of Judgment by Default* (Docket No. 61). The court granted the Defendants request for extension of time to answer complaint (Docket No. 62). However, after considering the *Motion to Inform Notice of Intent to File Opposition to the Debtors Motion for a Short Extension of Time to Answer Complaint and in Opposition to Motion for Entry of Default Judgment* filed by the Plaintiff (Docket No. 63), the court vacated the *Order* granting extension of time to the Defendants at Docket No. 62 (Docket No. 64). The Plaintiff filed its *Opposition for a Short Extension of Time to Answer Complaint and in Opposition to Motion for Entry of Default Judgment* on January 15, 2017 (Docket No. 70).

On January 23, 2018, the Defendants filed a *Motion to Dismiss Adversary Proceeding for Lack of Joining a Required Party Pursuant Rule 19 of the Federal Rules of Civil Procedure and*

*Rule 7019 of the Federal Bankruptcy Rules* (Docket No. 72). On that same date, the Defendants filed their *Answer to Complaint and Defenses, Counterclaim* (Docket No. 73).

On February 16, 2018, the Plaintiff filed its *Opposition to Motion to Dismiss Complaint Due to Lack of Joining a Required Party Pursuant Rule 19 of the Federal Rules of Civil Procedure and Rule 7019 of the Federal Bankruptcy Rules and Request for Sanctions* (Docket No. 84).

<u>Defendants' Motion to Dismiss Due to Lack of Joining the Trustee as a Required Party</u>

The Court notes that a default was entered against the Defendants at Docket No. 52. Although the Defendants filed a *Motion for a Short Extension of Time to Answer Complaint and in Opposition to Motion for Entry of Default Judgment* (Docket No. 61), the request was filed after the default was entered[3]. Furthermore, the record is void of any pleading to set aside the entry of default.

The entry of default is governed by Fed. R. Civ. P. 55(a), made applicable to bankruptcy through Fed. R. Bankr. P. 7055, which provides:

> "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Fed. R. Civ. P. 55(a).

A party in default waives all affirmative defenses that it may have had. <u>McKinnon v. Kwong Wah Restaurant</u>, 83 F.3d 498, 505 (1st Cir. 1996). Ordinary affirmative defenses are forfeited by the entry of default except those that challenge the legal sufficiency of the complaint or the court's subject matter jurisdiction. <u>Conetta v. National Hair Care Centers, Inc.</u>, 236 F.3d 67, 77 (1st Cir. 2001).

Fed. R. Civ. P. 12(b)(7), applicable to bankruptcy through Fed. R. Bank. P. 7012, lists the failure to join a party under Rule 19 as an affirmative defense. Therefore, the Defendants' request for dismissal for failure to join an indispensable party is unwarranted, as default has been entered against the party. Furthermore, failure to join the Chapter 13 Trustee in this case is not ground for

---

[3] Although the court initially granted the extension of time requested by the Defendants (Docket No. 62), the Order was vacated at Docket No. 64.

dismissal[4]. The court has already determined that the property object of the complaint filed in this case is not property of the estate. Thus, there appears to be no pecuniary loss which the Chapter 13 Trustee may have standing to pursue.

Discretionary Abstention Pursuant to 28 U.S.C §1334(c)(1)

Fed. R. Civ. P. 55 grants wide discretion to the court when entering default judgments. See Ortiz Gonzalez v. Fonovisa, 277 F. 3d 59, 63 (1st Cir. 2002).

Upon a review of the Plaintiff's *Request for Entry of Judgment by Default* (Docket No. 59) and the *Proposed Default Judgment* (Docket No. 60), the court notes that the Plaintiff's claim is entirely based on state law. The Plaintiff relies on a Puerto Rico Supreme Court decision which references Spanish jurisprudence in order to accommodate a Spanish civil law figure into Puerto Rico's legal framework, and to apply it to very specific circumstances. The Plaintiff's *Proposed Default Judgment* states that "the Court retains jurisdiction to enter any further orders to execute and carry out this Judgment". After a thorough evaluation of the *Request for Entry of Judgment by Default* and the *Proposed Default Judgment* the court finds that the remedy claimed by the Plaintiff may require the intervention of state agencies, in order to determine the possibility or extent of a segregation of the adjacent property, appropriate permits as required by state law, the execution of notarial deeds and the adequate valuation of the adjacent property, to determine a just compensation[5]. The extent of the applicability of state law and their being a pre-petition action before the courts of Puerto Rico regarding foreclosure and public auction, prompts this court to *sua sponte* consider discretionary abstention.

The discretionary abstention provision of 28 U.S.C §1334(c)(1) provides that the district court may abstain from hearing a particular proceeding "arising under title 11 or arising in or

---

[4] Fed. R. Civ. P. 21, applicable to bankruptcy through Fed. R. Bankr. P. 7021, states that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

[5] "…[L]os derechos que surgen de la construcción extralimitada no anulan la responsabilidad civil que emana de ella. Es esta la doctrina mayoritaria sobre el tema. En cuanto al alcance de la responsabilidad debida…señala Lacruz Verdejo que la jurisprudencia "puntualiza en cuanto a la indemnización que debe pagar el constructor al dueño del terreno invadido, que en la determinación del precio no solo ha de estar comprendido el valor estricto del terreno ocupado, sino todo el quebranto y menoscabo económico que repercuta sobre el resto no ocupado, declarando que ello es consecuancia necesaria del principio de equidad. El resarcimiento, en estos casos, debe comprender, en efecto, la pérdida de valor del resto de finca." Ana D. Volpe Montalvo v. Nilda Pérez Pérez, 2006 PR App. LEXIS 3597; Jorge Torres Carominas ET AL v. Fernando Amador Pares ET AL, 2006 PR App. LEXIS 3566.

related to a case under title 11" if to do so would be "in the interest of justice, or in the interest of comity with State law". See In Re Latin Am. Roller Co., 412 B.R. 15, 22 (2009). The bankruptcy court has "an exclusive and nondelegable control over the administration of an estate" but "the proper exercise of that control may, where the interest of the estate and the parties will be best served, lead the bankruptcy court to consent to submission to state courts of particular controversies involving unsettled questions of state property law and arising in the course of bankruptcy administration." Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 483-484, 60 S. Ct. 628, 84 L.Ed. 876 (1940).

"Discretionary abstention applies to both core and non-core proceedings." Ford v. Clement (In re Beckmeyer), 1999 Bankr. LEXIS 1879, *5, 1999 WL 33457767, *2 (Bankr. D. N.H. 1999). The issue of discretionary abstention may be raised by a court *sua sponte*. Id. at *12. "There is no clear standard or test that governs when a court should exercise its discretion to abstain from hearing a proceeding. Id., referencing In re DiMartino, 144 B.R. 225, 226 (Bankr. D.R.I. 1992) ("discretionary abstention is difficult to concretize into bright-line tests or specific balancing tests")". There are various elements to take into consideration upon deciding whether or not to abstain pursuant to §1334(c)(1), one of them being the existence of state law claims in relation to bankruptcy law claims. Mec Steel Bldgs v. San Lorenzo Constr. Corp. (In Re Mec Steel Bldgs.), 136 B.R. 606, 611 (1992). However, "[t]he statute itself delineates "three . . . criteria to determine whether abstention is appropriate": the interests of justice, comity, and respect for state law. New Eng. Power and Marine, Inc. v. Town of Tyngsborough (In re Middlesex Power Equip. & Marine, Inc.), 292 F.3d 61, 69-70 (1st Cir. 2002), referencing In re Pan Am. Corp., 950 F.2d at 845. "Other circuits have considered several factors in the determination of whether permissive abstention is appropriate, including: "the extent to which state law issues predominate over bankruptcy issues"; "the presence of a related proceeding commenced in state court or other nonbankruptcy court"; and "the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties."" Id. See also CH Props. v. Comite de Vecinos de Isla Verde (In re CH Props.), 381 B.R. 20 (Bankr. D.P.R. 2007).

Additionally, the courts may consider the following factors: "(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature

-7-

of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, and (12) the presence in the proceeding of nondebtor parties." Flores Rivera v. Telemundo Group, 133 B.R. 674, 677 (D.P.R. 1991).

As previously stated, the legal issue addressed by the Plaintiff in the Complaint is entirely a state law issue, which has been scarcely addressed by the state courts, and with very specific requirements. The court also notes that the Defendants have a confirmed plan (Lead Case, Docket No. 52) and, therefore, the legal issue presented in the Complaint has no significant effect on the proceedings of the main bankruptcy case.

Conclusion

For the reasons stated herein, the court concludes that in the interest of justice and comity with state courts it shall exercise its discretionary power under 28 U.S.C. § 1334(c)(1) to abstain from entering default judgment in the present adversary proceeding. The adversary proceeding shall be dismissed without prejudice to any litigation by the Plaintiff against the Defendant in an appropriate state court. A separate order shall issue.

Judgment will be entered accordingly.

SO ORDERED.

In San Juan, Puerto Rico, this November 2nd, 2018.

Enrique S. Lamoutte
United States Bankruptcy Judge

-8-